IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT B.,<br><br>      **Plaintiff,**<br><br>      v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>      **Defendant.** | Case No. 21-CV-2514-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in (1) failing to find him disabled due to mental health impairments, (2) determining his residual functional capacity ("RFC") because it was not supported by substantial evidence, and (3) failing to find a medical opinion persuasive. Because the Court concludes that the Commissioner's findings are supported by substantial evidence, the Court affirms the Commissioner's decision.

**I.     Procedural History**

On December 20, 2019, Plaintiff protectively applied for a period of supplemental social security income benefits. He alleged a disability onset date of May 1, 2012.[1] Plaintiff's applications were denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

---

[1] At Plaintiff's hearing, he amended his onset date to December 20, 2019.

After a telephonic hearing on April 1, 2021, the ALJ issued a written decision on May 5, 2021, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for review was denied on September 9, 2021. Accordingly, the ALJ's May 2021 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand for the purpose of awarding his requested social security benefits. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II. Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[2] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[4]

## III. Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[5]

---

[2] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[3] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Id.* (citing *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[5] 42 U.S.C. §§ 423(d)(2)(A), 416(i)(1)(a).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe impairment, or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[9] "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from [his] impairments."[10]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national

---

[6] *Id*. § 423(d)(2)(A).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988)); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley v. Astrue*, No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *Williams*, 844 F.2d at 751); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

economy, respectively.[11]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since December 20, 2019—the application date.  He determined at step two that Plaintiff had the following severe impairments: history of lumbar fusion, coronary artery disease with history of myocardial infarction status-post stenting, type II diabetes with neuropathy, tremors, obesity, neurocognitive disorder, depression, and anxiety.  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  Continuing, he determined that Plaintiff had the RFC to

> lift and carry up to twenty pounds occasionally and lift or carry up to ten pounds frequently; stand and/or walk for two hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday.  The claimant should never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance on narrow, slippery or erratically moving surfaces.  The claimant can frequently handle and finger bilaterally.  The claimant can occasionally use foot controls bilaterally.  The claimant can occasionally work at unprotected heights, with moving mechanical parts, vibration, extreme cold and extreme heat.  The claimant is able to carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work environment with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and work place changes.  The claimant

---

[11] *Id.* at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

[13] *Id.* (quoting *Hackett*, 395 F.3d at 1171).

>  can occasionally respond to and have interaction with supervisors, coworkers and the general public.[14]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work. After considering Plaintiff's age, education, work experience, and RFC, he determined at step five that there were sedentary and unskilled jobs existing in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ concluded that Plaintiff had not been under a disability from December 20, 2019, through the date of his decision.

## IV.   Discussion

Plaintiff asserts that the ALJ erred in (1) failing to find him disabled at step three due to mental health impairments, (2) determining his residual functional capacity ("RFC"), and (3) failing to find a medical opinion persuasive. The Commissioner disagrees and contends that substantial evidence supports the ALJ's findings and conclusion that Plaintiff was not disabled.

### A.   Step Three Finding

Plaintiff first argues that the ALJ erred in failing to find Plaintiff disabled due to mental health impairments pursuant to "paragraph B" criteria in step three. He claims that he carried his burden to show that his mental impairments met or exceeded the requirements of Listings 12.02 (neurocognitive disorder), 12.03 (schizophrenia spectrum and other psychotic disorders), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders).[15] The Commissioner asserts that the ALJ reasonably found that Plaintiff's mental impairments were not per se disabling under the mental listings.

---

[14] Doc. 9 at 31.

[15] Plaintiff does not indicate to the Court what these Listings stand for. The Commissioner did so in her response.

At step three of the sequential evaluation, an ALJ "must consider and explain whether the claimant's condition meets or equals any of the listed impairments deemed presumptively disabling."[16] "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[17] In addition "[w]hen challenging an ALJ's finding that his impairments did not meet the requirements of a specific section of the Listings, a claimant must direct the court's attention to evidence showing he satisfied the criteria of the Listing."[18]

In this case, Plaintiff does not direct the Court's attention to *any* evidence that he satisfied the criteria of the five Listings he claims he met,[19] and the Court is left to guess what medical evidence supports a finding that Plaintiff met the requirements of Listings 12.02, 12.03, 12.04, 12.06, and 12.15. Without directing the Court to any evidence supporting Plaintiff's disability, Plaintiff's argument is insufficient.

In addition, it appears that Plaintiff simply takes issue with the ALJ's step three explanation in finding that Plaintiff's limitations were "moderate." The ALJ specifically considered Listing 12.04, 12.05, and 12.06 when determining that Plaintiff did not have an impairment or combination of impairments meeting or equaling the listed impairments in 20 C.F.R. Part 404. The ALJ cited to the evidence of record and determined that it failed to demonstrate marked or extreme limitations in the functional areas. Based on the totality of the evidence, the ALJ concluded that Plaintiff's limitations were moderate, and they were not

---

[16] *Aslan v. Colvin*, 637 F. App'x 509, 509 (10th Cir. 2016) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

[17] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

[18] *Powell v. Berryhill*, No. 17-CV-00343-KMT, 2018 WL 1478112, at *2 (D. Colo. Mar. 27, 2018) (citing *Aslan*, 637 F. App'x at 509; *Wall v. Astrue*, 561 F. 3d. 1048, 1065 (10th Cir. 2009)).

[19] As noted above, Plaintiff did not even identify to the Court what the listings stood for.

marked or extreme. Plaintiff simply disagrees with the ALJ's assessment but sets forth no evidence demonstrating otherwise. Thus, the Court finds no error in the ALJ's step three finding.

### 2. RFC Finding

Plaintiff also argues that the ALJ erred in finding that Plaintiff had the RFC to perform substantial gainful activity. Plaintiff asserts that the RFC did not factor in his tremors, neuropathy, and "trigger finger," and these conditions should significantly limit his ability to operate manual controls, tools, or computers. Plaintiff also contends that the RFC did not factor in his significant limitations in ambulation due to his back pain, neuropathy, and morbid obesity. Plaintiff claims that these limitations should have resulted in a finding that he was completely disabled.

Here, the ALJ found that Plaintiff's tremors, neuropathy, history of lumbar fusion, and obesity were severe impairments.[20] And the ALJ then discussed these severe impairments when formulating and determining Plaintiff's RFC and restricting him to light to sedentary work. Indeed, the three jobs that the ALJ found Plaintiff qualified to perform were sedentary, unskilled positions.

Specifically, the ALJ found that although the medical evidence demonstrated that Plaintiff's range of motion was limited, Plaintiff also demonstrated a "normal gait without an assistive device and had no difficulty with orthopedic maneuvers such as rising from a seated position, tandem walking, bending or squatting."[21] In addition, the ALJ noted Plaintiff's history of tremors but that he also exhibited good grip and motor strength. Furthermore, the ALJ found

---

[20] The ALJ determined that the medical evidence did not support a medically determinable impairment of trigger finger. Thus, the ALJ did not discuss Plaintiff's "trigger finger" in the RFC.

[21] Doc. 9 at 32.

that no tremors "were noted on the exam and the claimant was observed to have adequate fine motor movements in his hands with dexterity and ability to grasp objects bilaterally."[22] Accordingly, the ALJ found that the clinical findings were "not consistent with his allegations of chronic, debilitating pain."[23] The ALJ also specifically discussed medical opinion evidence related to Plaintiff's back pain, neuropathy, and tremors when determining the amount of kneeling, crawling, and bilateral handling Plaintiff could perform.[24] In sum, the ALJ considered Plaintiff's severe impairments and the evidence supporting those impairments when formulating Plaintiff's RFC, and the Court finds no error.

### 3. Medical Opinion

Finally, Plaintiff contends that the ALJ erred in failing to find the medical opinion of Dr. Neufeld persuasive. The Commissioner asserts that the ALJ reasonably considered Dr. Neufeld's opinion. Social security regulations provide that the agency will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."[25] Instead, the agency will consider specific appropriate factors, including the supportability, consistency, relationship with the claimant, physician's specialization, and other factors.[26] The most important factors in evaluating the persuasiveness of a medical opinion are supportability and consistency.[27]

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 33.

[25] 20 C.F.R. § 416.920c.

[26] *Id.*

[27] *Id.*

In this case, Dr. Neufeld opined that Plaintiff did not have the capacity to follow one- to two-step instructions over the course of a 40-hour workweek and did not have the capacity to consistently interact with others in the workplace. The ALJ found Dr. Neufeld's opinion unpersuasive because it was not consistent with other substantial evidence of record. Specifically, the ALJ found that Dr. Neufeld's findings regarding Plaintiff's functioning deficits were contradicted just days later by a different physician's examination (Dr. Uddin) of Plaintiff in which Plaintiff denied any mood changes, depression, anxiety, poor sleep, or difficulty in concentrating. In addition, the ALJ also found that Dr. Neufeld's opinion was inconsistent with Plaintiff's ability to perform skilled work for years and Plaintiff's testimony regarding his daily activities. The ALJ adequately set forth his reasons for finding that Dr. Neufeld's opinion was unpersuasive, and Plaintiff's argument simply takes issue with the finding.

## V.     Conclusion

In sum, the ALJ's RFC determination is supported by substantial evidence. Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: November 29, 2022

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE